IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-40796

Summary Calendar

---

ROBERT LEE STEWART,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; WAYNE SCOTT;
SHARON KEILIN,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
(9:96-CV-285)

---

April 15, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Robert Lee Stewart is a former employee of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). While employed at the Eastham Unit, Stewart began a relationship with the warden's secretary. Although estranged from his wife at the time, he was still legally married. Stewart was transferred by the TDCJ-ID, apparently because his relationship had "violated the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sanctity of the warden's office." Stewart's transfer occurred without notice or hearing. Stewart alleges that the transfer caused him personal hardship, and, after being assigned night duty at his new unit, Stewart resigned citing health reasons. Stewart later married the warden's secretary.

Stewart sued under 42 U.S.C. § 1983, claiming that his rights to privacy/association and due process were violated by the transfer. The district court granted the defendants judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), reasoning that Stewart had failed to demonstrate the violation of any clearly established constitutional rights. We agree.

Stewart first claims that his transfer, allegedly in retaliation for his relationship with the warden's secretary, violated his rights to association and privacy. Yet even if Stewart was estranged from his wife at the time of the relationship with the secretary, he was still legally married. Stewart has been unable to produce to us any authority supporting a constitutional right to date others while still married. Indeed, the existing authority would indicated otherwise. See City of Sherman v. Henry, 928 S.W.2d 464, 469-72 (Tex. 1996) (summarizing the law). Stewart's attempt to recharacterize this right as one of association is unavailing, for he has produced no authority to suggest that the Constitution protects the rights of those who wish to associate intimately with others in extramarital affairs. Even

2

if such a right might exist, it was not clearly established at the time of Stewart's transfer.

Second, Stewart asserts that his transfer without notice or hearing violated his due process rights. He points to the policies and procedures of the TDCJ-ID and suggests that they constitute an agreement to treat him fairly in his employment. Yet the general rule in Texas is that employment contracts are "at-will," and employees may not attempt to incorporate into their contracts principles annunciated unilaterally by an employer in an employment manual or the like. See Aiello v. United Air Lines, Inc., 818 F.2d 1196, 1198 (5th Cir. 1987). Because Stewart failed to demonstrate that his transfer violated any express term of his employment contract, his due process claim likewise fails.

AFFIRMED.

3